**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| PAMELA JOYCE ERINLE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-2659 |
| | § | |
| CITY OF HOUSTON *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

Pamela Joyce Erinle, proceeding *pro se*, has sued the City of Houston and three unnamed police officers. (Docket Entry No. 1). The complaint alleges that the three officers entered her home 1:00 a.m. on July 27, 2008, without a warrant or probable cause, and went into her bathroom, where she was undressed and bathing. She alleges violations of her Fourth Amendment right to be free from unreasonable searches under 42 U.S.C. § 1983 and intentional infliction of emotional distress under the Texas Tort Claims Act ("TTCA"), TEX. CIV. PRAC. & REM. CODE § 101.001 *et seq.* The City filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure on October 11, 2010. (Docket Entry No. 5). Erinle has not responded.

**I.      Rule 12(b)(6)**

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b) (6). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). *Twombly* rejected the

Supreme Court's prior statement in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Twombly*, 550 U.S. at 562–63. To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008). Under Rule 8(a)(2), plaintiffs are not required to include "'detailed factual allegations,' but more than 'an unadorned, the-defendant-unlawfully-harmed-me accusation' is needed." *Id.* (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

Erinle is a *pro se* litigant. "A document filed *pro se* is 'to be liberally construed,' . . . and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Under this standard, pleadings filed by a *pro se* litigant are entitled to a liberal construction that affords all reasonable inferences which can be drawn from them. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2000).

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305,

329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."); *see also United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004) ("Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification . . . is considered an abuse of discretion." (internal citation omitted)). However, a plaintiff should be denied leave to amend a complaint if the court determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face . . . ." 6 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1487 (2d ed. 1990); *see also Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007) (unpublished) (per curiam) ("'[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.'" (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 771 (5th Cir.1999))).

**II.     Analysis**

   **A.     The § 1983 Claim**

The City argues that the § 1983 claim must be dismissed because the complaint alleges nomunicipal custom or policy that was the moving force for the alleged constitutional violations. A city cannot be held liable under § 1983 for police officers' acts or omissions that violated constitutional or federal rights unless the city's custom or policy was the moving force behind that violation. *Valle v. City of Houston*, 613 F.3d 536, 541 (5th Cir. 2010) (citing *Monell v. Dep't of Soc. Svcs.*, 436 U.S. 658, 694 (1978)). This requires that the action be taken in conformance with a city policy that is itself illegal under federal law or that an official policymaker was deliberately

indifferent to the allegedly violated right. A policymaker has "the responsibility for making law or setting policy in any given area of a local government's business." *City of St. Louis v. Prapotnik*, 485 U.S. 112, 125 (1988)). To be deliberately indifferent, a policymaker must have "disregarded a known or obvious consequence of his action." *Valle v. City of Houston*, 613 F.3d 536, 547 (quoting *Bd. of Cnty. Comm'rs of Bryan Cnty, Okla. v. Brown*, 520 U.S. 397, 410(1997)).

There is no pleading in this case of any facts that could support a claim for municipal liability because of pattern of similar violations, to which the policymaker failed to respond, or because of a city policy that was so deficient that the violation was the "highly predictable consequence." *Id.* at 549 (quoting *Sanders-Burns v. City of Plano*, 594 F.3d 366, 381 (5th Cir. 2010)). Even under a liberal construction, the complaint fails to allege a custom or policy of the City. The § 1983 claim against the City is dismissed, with leave to amend. Erinle may file an amended pleading no later than January 7, 2011.

**B. The TTCA Claim**

Erinle sued both the unnamed officers and the City under the TTCA for intentional infliction of emotional distress. The TTCA allows suit against Texas cities under specific, statutorily defined circumstances. When a plaintiff sues both a city and its employees under the TTCA, "the employees shall immediately be dismissed on the filing of a motion by the [city]." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 462 (5th Cir. 2010) (quoting TEX. CIV. PRAC. & REM. CODE § 101.021). The City has moved to dismiss the TTCA claims against the officers. The TTCA claim against the officers is dismissed, without leave to amend.

The TTCA claim against the City fails for at least two reasons. First, cities are not liable for intentional torts under the TTCA. *Id.* at 462–63. Intentional infliction of emotional distress is an

intentional tort. Erinle cannot recover for intentional infliction of emotional distress under the TTCA. The complaint also fails because it fails to allege any acts for which the TTCA allows suit. The TTCA waives sovereign immunity in "three general areas[, the] use of publicly owned automobiles, premises defects, and injuries arising out of conditions or use of property." *Cnty. of Cameron v. Brown*, 80 S.W.3d 549, 553 (Tex. 2002) (quoting *Tex. Dep't of Transp. v. Able*, 35 S.W.3d 608, 611 (Tex. 2000)) (quotation marks omitted); *see also* TEX. CIV. PRAC. & REM. CODE § 101.021 (providing the three categories in which immunity is abrogated). The complaint states no facts that bring the claim within these three categories.

Erinle may replead her TTCA claim against the City, but not the police officers, no later than January 7, 2011, to address these deficiencies. Any amended pleading must be consistent with two other requirements of the TTCA. First, a plaintiff cannot sue a city unless she provided notice of her claims under the TTCA within 90 days of the incident. TEX. CIV. PRAC. & REM. CODE § 101.101; HOUSTON, TEX. CHARTER, art. IX, § 11. Second, the TTCA does not allow recovery for injuries suffered "from the action of an employee while responding to an emergency call or reacting to an emergency situation if the action is in compliance with the laws and ordinances applicable to emergency action, or in the absence of such a law or ordinance, if the action is not taken with conscious indifference or reckless disregard for the safety of others." *Id.* § 101.055(2).

### C. Punitive Damages

Erinle seeks punitive damages. The defendants argue that she cannot seek punitive damages either under § 1983 or the TTCA. The defendants are correct. In *City of Newport v. Fact Concerts, Inc.*, the Supreme Court held that cities are not subject to punitive damages under § 1983. 453 U.S. 247, 271 (1981). The TTCA expressly provides that it "does not authorize exemplary damages."

5

TEX. CIV. PRAC. & REM. CODE § 101.024.  Erinle cannot seek punitive damages.

### D. Attorney's Fees

The defendants argue that Erinle cannot be entitled to recover attorney's fees because she is unrepresented.  Erinle is not entitled to attorney's fees if she proceeds *pro se*.  *See Matassarin v. Lynch*, 174 F.3d 549, 570 (5th Cir. 1999) (approving denial of attorney's fees in an ERISA case when the plaintiff "performed most of the work herself").

## III. Conclusion

The defendants' motion to dismiss is granted.  Erinle must amend her complaint no later than January 7, 2011.

SIGNED on November 24, 2010, at Houston, Texas.

Lee H. Rosenthal
United States District Judge