**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| PAMELA JOYCE ERINLE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-2659 |
| | § | |
| CITY OF HOUSTON, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Pamela Joyce Erinle, proceeding *pro se*, has sued the City of Houston and three police officers. (Docket Entry No. 1). Erinle's first complaint alleged that the three officers entered her home 1:00 a.m. on July 27, 2008, without a warrant or probable cause, and went into her bathroom, where she was undressed and bathing. She alleged that the City violated her Fourth Amendment right to be free from unreasonable searches and that both the City and the individual defendants intentionally inflicted emotional distress. She sought damages against the individuals and the City under the Texas Tort Claims Act ("TTCA"), Tex. Civ. Prac. & Rem. Code § 101.001 *et seq.*, and against the City under 42 U.S.C. § 1983. This court dismissed the TTCA claims against the individual defendants with prejudice and dismissed the claims against the City with leave to amend. (Docket Entry No. 9). Erinle amended her complaint, and the City moved to dismiss. (Docket Entry Nos. 10, 11). Erinle did not respond to the motion to dismiss. This court ordered a settlement conference before a magistrate judge, which did not result in settlement. (*See* Docket Entry Nos. 14, 21, 23).

Based on the record, the motion, and the relevant law, this court grants the motion to dismiss, without leave to amend. Final judgment is entered by a separate order. The reasons are explained below.

**I.    Rule 12(b)(6)**

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b) (6). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). *Twombly* rejected the Supreme Court's prior statement in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Twombly*, 550 U.S. at 562–63. To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008). Under Rule 8(a)(2), plaintiffs are not required to include "'detailed factual allegations,' but more than 'an unadorned, the-defendant-unlawfully-harmed-me accusation' is needed." *Id.* (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

Erinle is a *pro se* litigant.  "A document filed *pro se* is 'to be liberally construed,' . . . and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Under this standard, pleadings filed by a *pro se* litigant are entitled to a liberal construction.  *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2000).

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice.  *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."); *see also United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004) ("Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification . . . is considered an abuse of discretion." (internal citation omitted)).  However, a plaintiff should be denied leave to amend a complaint if the court determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face . . . ." 6 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1487 (2d ed. 1990); *see also Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007) (unpublished) (per curiam) ("'[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.'" (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 771 (5th Cir.1999))).

**II.     Analysis**

    **A.     The § 1983 Claim**

This court dismissed Erinle's § 1983 claim because she did not allege "any facts that could support a claim for municipal liability because of pattern of similar violations, to which the policymaker failed to respond, or because of a city policy that was so deficient that the violation was the highly predictable consequence." (Docket Entry No. 9 at 4 (citations and quotations omitted). The City contends that Erinle's amended complaint fails to remedy these deficiencies.

There is no respondeat superior liability for a municipality under § 1983. *Valle v. City of Houston*, 613 F.3d 536, 541 (5th Cir. 2010) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 654 (1978)). A City may be held liable under § 1983 for police officers' acts or omissions only if they violated constitutional or federal rights and the City's custom or policy was the moving force behind that violation. *Id.* The custom or policy must itself be illegal under federal law or the act or omission must have resulted from official policymaker's deliberate indifference to the risk of constitutional violation. To be deliberately indifferent, a policymaker must have "disregarded a known or obvious consequence of his action." *Valle*, 613 F.3d at 547 (quoting *Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 410(1997)).

Erinle's amended complaint suffers from the same defects as the first. She alleges that the City failed to train police officers, explicitly she describes the claim as "Respondeat Superior." (Docket Entry No. 10, ¶ 13). Putting aside this inconsistency, she has not identified a deficient policy, custom, or policymaker. Nor has she identified any previous unconstitutional actions that could allow this court to find deliberate indifference. *See Valle*, 613 F.3d at 544 ("The standard applicable to a failure-to-train claim is the same as the standard for municipal liability."). The

4

§ 1983 claim is dismissed with prejudice and without leave to amend because Erinle has failed to remedy the defects this court previously identified.

    **B.**    **The TTCA Claim**

Erinle's claim under the TTCA is for intentional infliction of emotional distress.  This court dismissed her claim in part because the TTCA does not allow claims against a City for intentional torts.  (Docket Entry No. 9 at 4 (citing *Bustos v. Martini Club Inc.*, 599 F.3d 458, 462–63 (5th Cir. 2010))).  The only tort claim alleged in the amended complaint is for intentional infliction of emotional distress.  The TTCA claim is dismissed with prejudice and without leave to amend, because Erinle has failed to remedy the pleading deficiency this court previously identified or respond to the motion to dismiss.

**III.**    **Conclusion**

The City's motion to dismiss is granted, with prejudice.  Final judgment is separately entered.

    SIGNED on May 17, 2011, at Houston, Texas.

    Lee H. Rosenthal
    United States District Judge